IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **Deep Nines, Inc.** | § | **CIVIL ACTION NO. 9: 09-cv-144** |
| | § | |
| PLAINTIFF, | § | JURY TRIAL |
| | § | |
| v. | § | |
| | § | |
| **Fortinet, Inc.** | § | |
| | § | |
| DEFENDANT. | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Deep Nines, Inc. ("Deep Nines") for its Original Complaint against Defendant Fortinet, Inc. ("Fortinet") alleges as follows:

## THE PARTIES

1. Deep Nines is a Corporation duly organized and existing under the laws of the State of Delaware, having a principal place of business in Dallas, Texas at 14643 Dallas Parkway, Suite 150, Dallas, TX 75254-8801.

2. Fortinet is a Corporation duly organized and existing under the laws of the State of Delaware, having a principal place of business at 1090 Kifer Road, Sunnyvale, California 94086. Fortinet does not have a registered agent for service of process in Texas. Consequently, Deep Nines will serve Fortinet through the Texas Secretary of State as its agent for service of process, who will forward this Complaint and Summons to: Corporation Services Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

## JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq. The Court has personal jurisdiction over Defendant because it has committed acts

within Texas and this judicial district giving rise to this action, and it has established minimum contacts with the forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

**VENUE**

4.      Defendant has committed acts within this judicial district giving rise to this action and does business in this district, including offering for sale, making sales and providing service and support to their respective customers in this district.  Acts of infringement have occurred in this district.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) (c) and 1400(b).

**INFRINGEMENT OF U.S. PATENT NO. 7,058,976**

5.      On June 6, 2006, United States Patent No. 7,058,976 ("the '976 Patent") was duly and legally issued for an invention entitled "Intelligent Feedback Loop Process Control System." A copy of the '976 Patent is attached as Exhibit A.

6.      Deep Nines is a Texas Corporation that provides network security solutions. Susan Pittman Dark ("Dark") is the sole inventor of the '976 Patent assigned to Deep Nines and is currently the Chairman of Deep Nines.  The '976 Patent relates to a network security system for detecting attacks on a site in a communications network and for taking actions to reduce and/or redirect such attacks.

7.      The '976 Patent was assigned to Deep Nines, and Deep Nines continues to hold all rights and interests in the '976 Patent.

8.      Fortinet has in the past engaged in and continues to engage in unauthorized conduct and activities that violate 35 U.S.C. § 271 et seq. constituting direct infringement, contributory infringement and/or induced infringement of one or more claims of the '976 Patent. At least, the Fortinet FortiGate® products, including all products running on FortiOS™

operating systems and FortiWiFi units, directly and/or indirectly infringed and are infringing claims 1-13 of the '976 Patent.

9.  Upon information and belief, under 35 U.S.C. § 271(f) Fortinet has supplied or caused to be supplied and is currently supplying or causing to be supplied in or from the United States at least a substantial portion of the components of the patented invention, where such components of the patented invention were or are combined outside of the United States.  Also, Fortinet has supplied or caused to be supplied and is currently supplying or causing to be supplied in or from the United States at least one component of the patented invention that had no substantial noninfringing use, knowing and intending that such component was combined or is combined outside of the United States.

10.  Fortinet's acts of infringement have caused and continue to cause damage to Deep Nines, and Deep Nines is entitled to recover from Fortinet the damages sustained by Deep Nines as a result of their individual wrongful acts in an amount subject to proof at trial.

11.  This infringement, direct or indirect, by Fortinet and its instrumentalities should be preliminarily and permanently enjoined.

## INFRINGEMENT OF U.S. PATENT NO. 6,930,978

12.  On August 16, 2005, United States Patent No. 6,930,978 ("the '978 Patent") was duly and legally issued for an invention entitled "System and Method for Traffic Management Control in a Data Transmission Network."  A copy of the '978 Patent is attached as Exhibit B.

13.  Deep Nines is a Texas Corporation that provides network security solutions. Dark and Clifford Sharp ("Sharp") are the inventors of the '978 Patent assigned to Deep Nines. The '978 Patent relates to a network traffic management system for sniffing data arriving at any point in the system and remembering certain parameters about that data to control the volume and type of data arriving at that point.

14.     The '978 Patent was assigned to Deep Nines, and Deep Nines continues to hold all rights and interests in the '978 Patent.

15.     Fortinet has in the past engaged in and continues to engage in unauthorized conduct and activities that violate 35 U.S.C. § 271 et seq. constituting direct infringement, contributory infringement and/or induced infringement of one or more claims of the '978 Patent. At least, the Fortinet FortiGate® products, including all products running on FortiOS™ operating systems and FortiWiFi units, directly and/or indirectly infringed and are infringing claims 15, 22, and 37 of the '978 Patent.

16.     Upon information and belief, under 35 U.S.C. § 271(f) Fortinet has supplied or caused to be supplied and is currently supplying or causing to be supplied in or from the United States at least a substantial portion of the components of the patented invention, where such components of the patented invention were or are combined outside of the United States.  Also, Fortinet has supplied or caused to be supplied and is currently supplying or causing to be supplied in or from the United States at least one component of the patented invention that had no substantial noninfringing use, knowing and intending that such component was combined or is combined outside of the United States.

17.     Fortinet's acts of infringement have caused and continue to cause damage to Deep Nines, and Deep Nines is entitled to recover from Fortinet the damages sustained by Deep Nines as a result of their individual wrongful acts in an amount subject to proof at trial.

18.     This infringement, direct or indirect, by Fortinet and its instrumentalities should be preliminarily and permanently enjoined.

## JURY DEMAND

19.     Pursuant to Federal Rule of Civil Procedure 38, Deep Nines demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Deep Nines prays for judgment and seeks relief against Defendant Fortinet as follows:

(a) For judgment that the '976 Patent has been infringed by Defendant Fortinet;

(b) For judgment that the '978 Patent has been infringed by Defendant Fortinet;

(c) For an accounting of all damages sustained by Deep Nines as the result of the acts of infringement by Defendant Fortinet;

(d) For actual damages together with prejudgment interest;

(e) For preliminary and permanent injunctions enjoining infringement by the identified Defendant Fortinet's instrumentalities;

(f) For all costs of suit; and

(g) For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 3rd day of September, 2009:

  _/s/ Brett C. Govett_
Brett C. Govett
Texas Bar No. 08235900
**Lead Attorney**
H. Douglas Wabner
Texas Bar No. 20625550

FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-2784
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200
Email: bgovett@fulbright.com
Email: dwabner@fulbright.com

**COUNSEL FOR PLAINTIFF
DEEP NINES, INC.**